UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NOAH BREWINGTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00199-GZS |
| | ) | |
| KEVIN J. JOYCE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff has initiated this action against more than sixty individuals and entities based on his experience as a pretrial detainee on state court criminal charges and based on the prosecution of the criminal charges. The defendants consist of law enforcement officers, attorneys, prosecutors, judges, governmental entities and agencies, medical personnel, and the state of Maine. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 3; Order, ECF No. 4.)

In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**DISCUSSION**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding

without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff filed a six-page form complaint and more than eighty pages of attachments. Plaintiff included no substantive allegations in the form complaint. The attachments consist of some general allegations, such as "cruel and unusual punishment," "medical

discrimination," "unconstitutional detention," and the violation of "clearly established laws," (Attachments 4 – 6, 8), various grievances and complaint forms Plaintiff submitted to the jails (Attachments 9, 11, 12), a document entitled "CCJ PREA Mishandling" in which Plaintiff describes the circumstances of his transfer to another jail and alleged constitutional and statutory violations (Attachment 10), a document entitled "COVID-19 Claim" in which Plaintiff faults the Cumberland County Jail for the fact he contracted the virus (Attachment 13), a document entitled "Human Rights and Constitutional Rights Violation" in which he describes the ways he believes Cumberland County and the court system failed to address his medical, legal, and personal needs (Attachment 14), and a document entitled "Two Bridges Regional Jail Incident" in which he describes an incident in which he was harassed and assaulted by another inmate (Attachment 16).

A complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). To assert an actionable claim, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The liberal construction of a self-represented individual's complaint, however, is not without limitation. The Court's role is not to comb through the various documents Plaintiff filed to discern whether he has conceivably alleged in a claim or claims against one or more of the defendants. *See Sorensson v. Harbor Freight Tools USA Inc*., No. 4:19-CV-166-FL, 2020 WL 7704510, at * 1 (E.D. N.C. Nov. 9, 2020) ("the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent"). This principle is particularly relevant and applicable in this case where Plaintiff has joined more than sixty defendants, has not made any substantive allegations against many of the named defendants, and has filed a complaint in which he simply refers to the more than eighty attached documents when prompted by the form complaint to "[w]rite a short and plain statement of the claim." (Complaint at 5.) In short, Plaintiff has not complied with even the liberal pleading rules allowed for self-represented parties. Dismissal, therefore, is warranted.[1]

---

[1] To the extent certain issues are discernible, the allegations are insufficient to state a plausible claim of entitlement to relief against one or more of the named defendants. Plaintiff's descriptions of his medical conditions are illustrative of the deficiencies in his filings. In one attachment, for example, Plaintiff listed some physical and mental health difficulties, but even if the Court were to assume he intended to raise a medical deliberate indifference claim, that claim would fail because there are no factual allegations (at least within that attachment or the form complaint) regarding what any defendant knew or the action a defendant took or failed to take. (Attachment, ECF No. 1-4.) *See Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc) (a plaintiff must satisfy both an objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) in order to prove a constitutional claim of deliberate indifference to a medical need.)

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, unless within fourteen days of the date of this recommended decision, Plaintiff files an amended complaint in compliance with the pleading rules and alleges an actionable claim or claims against one or more of the named defendants, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of July, 2023.